IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

2016 FEB 18 P 1: 17

| | | |
|---|---|---|
| **GinA** | * | CIVIL NO. _____ |
| Plaintiff | * | |
| v | * | JURY TRIAL DEMANDED |
| **City of Augusta Maine** | * | |
| a municipality, and a body corporate and politic | * | VERIFIED COMPLAINT |
| **William Stokes** | * | 42 USC §§ 1981 & 1983 |
| in his individual and official capacities as Mayor | * | |
| for City of Augusta, and | * | VIOLATION of |
| **William Bridgeo** | * | 1st Amendment |
| in his individual and official capacities as Manager | * | |
| for City of Augusta, and | * | |
| **Matt Nazar** | * | |
| in his individual and official capacities as Director | * | |
| of Development Services for City of Augusta, and | * | |
| **Gregory Roy** | * | |
| in his individual capacity as owner and landlord | * | |
| for 32 Court St and as an official agent for City of | * | |
| Augusta and the State of Maine Judicial Branch | * | |
| Defendants | * | |

GinA brings this civil action for declaratory, monetary, injunctive and equitable relief for Defendants' wrongful actions in their individual and official capacities as public servants and as administrative agents of public judicial servants by wrongfully violating GinA's equal rights under color of state laws to have equal rights to speak, to be heard, to make fair terms and enforce rental contracts for her constitutionally protected property interest in Unit 1 at 32 Court Street Augusta, to have equal access to public information about 32 Court Street that directly impacts her life, liberty and pursuit of happiness, to have peaceful enjoyment of her

home at 32 Court Street, to be free from governmental intrusions on her right to exchange information, to be free from being forced to testify at fraudulent eviction trials enforced by courts and public servants who would be acting in a complete absence of all jurisdiction, and to enjoy full and equal benefit of all laws and proceedings for the security of GinA's person and property, *inter alia*, for purposes of Defendants concealing their official public acts as GinA aptly alleged and supported by public records referenced in *GinA v. Leigh Saufley* for construction of a Capital Judicial Center and its parking lots at 32 Court Street.

All Defendants named herein knew or had reason to know that *Leigh Saufley et al* would be acting in complete absence of all jurisdiction during all judicial proceedings for all evictions at 32 Court Street in 2014 as alleged in *GinA v. Leigh Saufley* for purposes of razing 32 Court Street to build a parking lot for the Capital Judicial Center at GinA's and Maine taxpayers' expense.

### I. JURISDICTION AND VENUE

GinA claims federal jurisdiction pursuant to 28 USC § 1331, 28 USC § 1343 and Article III § 2 which extends jurisdiction to all civil actions arising under the Constitution, laws or treaties of the United States.

Declaratory and other proper relief is authorized by 28 USC §§ 2201 and 2202.

Venue is proper in the District of Maine under 28 USC § 1391(b).

All Defendants are located and residing in Maine, and all events, actions and omissions giving rise to this claim occurred in Maine.

### II. STATUTORY AUTHORITY

GinA is authorized to initiate this action under 42 USC § 1981 to bring suit against any person who impairs her equal rights or discriminates against her under color of state laws to violate her equal rights to make fair terms and enforce her rental contracts for her constitutionally protected property interests for Unit 1 at 32 Court Street Augusta and to enjoy the full and equal benefit of all laws and proceedings for the security of GinA's person and property.

GinA is authorized to initiate this action under 42 USC § 1983 to bring suit against any person who subjects or causes her to be subjected to the deprivation of any rights, privileges and immunities secured to her by the Constitution and laws under color of state law.

GinA brings this suit against Defendants individually and jointly for all injuries resulting from Defendants' violation of GinA's equal rights secured to her by the 1st Amendment of the Constitution under color of state law in their individual and official capacities as public servants and administrative agents of public judicial servants during all activities in 2014 as related to 32 Court Street by wrongfully prohibiting GinA's equal right to speak, to be heard, to make fair terms and enforce her rental contracts for her constitutionally protected property interest in Unit 1 at 32 Court Street Augusta, to have equal access to public information that directly impacts her life, liberty and pursuit of happiness, to have peaceful enjoyment of her home at 32 Court Street, to be free from government intrusions of her right to exchange information, to be free from threat of a fraudulent eviction trials enforced by courts and judicial servants who would be acting in complete absence of all jurisdiction, and to enjoy full and equal benefit of all laws and proceedings for the security of GinA's person and property, *inter alia*.

GinA sues Defendants for their wrongful acts committed in their official capacities as public servants and administrative agents for judicial servants during performance of official public duties for the Maine Judicial Branch, Chief Justice Leigh Saufley, and Justice Joseph Jabar which led to the Maine Governmental Facilities Authority recording legal title to 32 Court Street Augusta on October 29, 2014 on behalf of the Maine Judicial Branch and benefiting Defendant Greg Roy in an amount equaling or exceeding $100,000.00 of Maine taxpayers' money.

### III. PARTIES

Plaintiff, GinA, lived at Unit 1, 32 Court Street, City of Augusta, County of Kennebec, Maine from January 22, 2014 through September 26, 2014 directly resulting from Defendants' wrongful conspiracy to allow tenant occupancy for *only eight months* without proper warnings.

GinA now lives at 2528 West River Road, Town of Sidney, County of Kennebec, Maine.

Defendant City of Augusta is a municipality and a body corporate and politic with an address of 1 Cony Street, City of Augusta, County of Kennebec.

Defendant William Stokes was employed as *Mayor* of *Defendant City of Augusta* at the same time he was employed as *Chief Deputy Attorney General*, *Criminal Division*, for the Office of Maine Attorney General, *resigning from both roles on July 31, 2014 for a judicial promotion*.

William Stokes presides over cases as a *superior court judge* at the Capital Judicial Center, 1 Court Street, Augusta after being nominated on *May 7, 2014* and confirmed on *July 31, 2014*.

Defendant William Bridgeo is employed as Manager of City of Augusta, 1 Cony Street, Augusta, County of Kennebec.

Defendant Matt Nazar is employed as Director of Development Services, City of Augusta, 1 Cony Street, City of Augusta, County of Kennebec.

Defendant Gregory Roy lives at 389 Costello Road, City of Gardiner, County of Kennebec.

Defendant Gregory Roy is a licensed real estate associate broker who owned and acted as a landlord and construction expert for 32 Court Street, City of Augusta, County of Kennebec.

## IV.   BACKGROUND INFORMATION

Defendant William Stokes was employed with the Office of Maine Attorney General since 1977 and was later promoted in 2001 to Deputy Attorney General, Chief of Criminal Division.

Defendant William Stokes began serving as Mayor of Defendant City of Augusta in 2011 while employed full time as Deputy Attorney General, Chief of Criminal Division, Office of Maine Attorney General.

Defendant William Stokes knew or had reason to know his employee Tracy Thompson of the Office of Maine Attorney General, Consumer Protection Division, acted with his consent as Deputy Attorney General, Chief of Criminal Division in September 2013 to perform a formal criminal investigation into GinA's legal activism for MAINE TENANTS JUSTICE LEAGUE, Inc.

Defendant William Stokes was employed in a dual capacity as both a public legal (judicial) agent for Office of Maine Attorney General and a public executive agent for Defendant City of Augusta while receiving personal financial benefits from both public employers which were wholly funded by Maine taxpayers during his performance of official public activities within the period in question.

Defendant William Stokes acted in his official capacity as Mayor of Defendant City of Augusta and as a key player during purchase negotiations with Defendants City of Augusta, Bridgeo, Nazar and Roy for legal acquisition of 32 Court Street on behalf of the Maine Judicial Branch and Defendant City of Augusta for taxpayer-funded construction of a courthouse parking lot.

Defendant William Stokes was nominated by Governor Paul LePage **_on May 7, 2014_** as a superior court judge, **_only two (2) days_** after meeting with Defendants City of Augusta, Bridgeo, Nazar and Roy **_on May 5th_** to discuss Defendant City of Augusta's offer to purchase 32 Court Street from Defendant Greg Roy for construction of the Capital Judicial Center's parking lot.

Defendant William Bridgeo was appointed as City Manager by the Augusta City Council in April of 1998 to serve as the chief executive officer and purchasing agent of Defendant City of Augusta, exercise control over all departments and divisions, make employee appointments and removals, and keep the City Council fully advised as to the business, financial condition and future needs of the Defendant City of Augusta, *inter alia*.

Defendants City of Augusta, Stokes and Bridgeo oversee all activities of Defendant Nazar as the Director of Development Services who directs Code Enforcement Bureau, Economic and Community Development, Engineering Bureau, Facilities and Systems Bureau, and Planning Bureau.

Defendants City of Augusta, Stokes, Bridgeo and Nazar are jointly officially responsible for all official actions taken by code enforcement officers in their official activities while performing life safety code inspections, issuing building permits, ensuring that only licensed experts make certain critical repairs, approving repairs, ensuring the safety, health and welfare of occupants, taking administrative or legal action on behalf of the public to force building owners to make certain repairs in compliance with life safety codes, and to prohibit occupancy from all unsafe or unfit residential buildings, *inter alia*.

Defendants City of Augusta, Stokes, Bridgeo and Nazar are jointly officially responsible for all official actions performed by Keith Luke, Deputy Director of Development Services, who directly communicated with Defendant Greg Roy about Defendant City of Augusta's offer to purchase 32 Court Street on behalf of Maine Governmental Facilities Authority and Maine Judicial Branch to build the courthouse parking lot.

Defendant Greg Roy is a Maine licensed real estate broker who is educated and trained to protect the public from all unsafe, hazardous and unfit properties and who personally owned and acted as landlord and real estate broker for 32 Court Street Augusta.

Defendant Greg Roy was quoted in a *January 27, 2013* Kennebec Journal article saying the courthouse construction project was *"making the living conditions unhappy"* at 32 Court

Street and his former tenant Shannon Perkins publicly described living conditions as *"insanely noisy"* due to the constant racket of the nearby courthouse construction project.

Defendant Nazar authorized his code enforcement officer to shut down 32 Court Street in *March 2013* after telling Defendant Greg Roy the property was unfit to be occupied and all occupancy was prohibited until he made certain repairs and improvements in compliance with life safety codes.

Defendant Nazar formally approved an occupancy permit for Unit 1, 32 Court Street in *January 2014* after Defendant Greg Roy made certain repairs and improvements.

Defendant Nazar's issuance of an occupancy permit for Unit 1, 32 Court Street caused Defendant Greg Roy to post public rental advertisements which prompted GinA to answer the rental ad by email on *January 8, 2014*.

Defendant Greg Roy and GinA viewed Unit 1 at 32 Court Street together on *January 11, 2014* with a neutral witness at which time GinA expressly specified that she was homeless and was requesting a *long-term rental contract exceeding 5 years*.

Defendant Nazar's code enforcement officer spoke with GinA on *January 13, 2014* via email and telephone regarding GinA applying to live at Unit 1, 32 Court Street at which time GinA was given official approval by the code enforcement officer that Unit 1, 32 Court Street was safe, decent and approved to be occupied.

Defendant Nazar's code enforcement officer failed to inform GinA on *January 13, 2014* that Defendants intended to raze the property for a courthouse parking lot.

Defendant Nazar's code enforcement officer's official approval that Unit 1, 32 Court Street was safe, decent and approved to be occupied directly caused GinA to communicate and sign a rental contract with Defendant Greg Roy on *January 22, 2014* for Unit 1, 32 Court Street.

Defendant Greg Roy defrauded GinA to enter an '*at will*' rental contract without telling GinA the property was going to be sold to Defendant City of Augusta within a few months on behalf of Maine Judicial Branch. (See *KEN-CV-14-176* and *GinA v. Leigh Saufley*)

Defendant Greg Roy defrauded GinA to enter an '*at will*' rental contract without alerting GinA that the *"insanely noisy"* environment and other disruptions from the construction project at 32 Court Street *"made the living conditions unhappy"* and severely injuring former tenants by

causing them to suffer emotional and physical distress and financial damages by being forced to move to a different residence to remedy or avoid damage caused by construction disturbances.

## V. STATEMENT OF THE CASE

1. Defendants wrongfully violated GinA's equal rights under color of state law to exchange public information with public servants about Defendant City of Augusta's plan to buy and raze 32 Court Street on behalf of the Maine Judicial Branch which directly caused GinA to make a rental contract with Defendant Greg Roy for her occupancy of Unit 1 on *January 22, 2014*.

2. Defendant Nazar's code enforcement officer wrongfully violated GinA's equal rights under color of state law by acting under Defendant Nazar's official direction to hinder exchange of public information between GinA and public servants during official public communications on January 13 by wrongfully censoring public data about the ultimate demise of 32 Court Street.

3. Defendant Nazar's code enforcement officer wrongfully violated GinA's equal rights under color of state law by acting under Defendant Nazar's official direction to inhibit exchange of public information between GinA and public servants during official public communications on January 13 by wrongfully censoring public data about prior tenants' injuries at 32 Court Street which were directly caused by an *"insanely noisy"* environment and other harmful intrusions caused by the courthouse construction project.

4. Defendants wrongfully violated GinA's equal rights under color of state laws to exchange public information with public servants by wrongfully censoring public data about 32 Court Street that would have given GinA adequate knowledge and ability to avoid serious injuries that were caused by her rental contract with Defendant Greg Roy and her actual physical occupancy at 32 Court Street.

5. Defendants wrongfully violated GinA's equal rights under color of state laws to exchange public information with public servants by wrongfully censoring public data about the demise of 32 Court Street which directly caused GinA to sign a rental contract with Defendant Greg Roy for Unit 1, 32 Court Street thus directly resulting in GinA suffering multiple severe permanent injuries from homelessness, fraudulent court proceedings, threat of homelessness, severe emotional and physical distress, financial and relational damages, as well as innumerable other severe injuries.

6. Defendants wrongfully violated GinA's equal rights under color of state laws to exchange public information with public servants regarding the *"insanely noisy"* environment which was the direct and proximate cause for daily constant violations of GinA's equal rights to peacefully exchange information by being forced to endure nerve-wracking incessant noises from the courthouse construction site and its traffic of heavy machinery which impaired all peaceful communications at 32 Court Street regardless if those communications occurred in person or on the telephone.

7. Defendants' wrongful violation of GinA's equal rights under color of state laws to prevent GinA from exchanging public information with public servants about 32 Court Street set certain wrongful events into motion which created merits for *GinA v. Leigh Saufley* related to judicial proceedings for 32 Court Street and 2528 West River Road by virtue of the herein-named Defendants allowing and soliciting GinA to occupy 32 Court Street knowing or having reason to know *ab initio* the loud construction noises would make her living conditions unhappy and that GinA would be forced to move out within a few months by force of excessive police power by a court and its judges who were acting with a complete absence of all jurisdiction as a result of that court being earmarked to be the final legal owner and occupant of 32 (1) Court Street.

8. Defendants' actions wrongfully created more court business for the Capital Judicial Center by setting certain wrongful events into motion which created merits for the lawsuits listed below, some are still pending in the Kennebec County Superior and Probate Courts, not including any related federal lawsuits filed with the U.S. District or Supreme Courts, namely:

- AUGDC-SA-14-453 (writ of possession executed on September 26, 2014)
- KEN-CV-14-176 (pending/active)
- AP-14-56 (closed/dismissed September 24, 2014)
- KEN-14-410 (closed/dismissed October 9, 2014)
- KEN-CV-15-58 (pending/active)
- KEN-CV-15-59 (closed due to deceased Plaintiff/pending reopening)
- WATDC-SA-15-271 (pending *de novo* jury trial appeal in Kennebec County Superior Court)
- KEN-RE-15-68 (pending/active)
- KEN-2015-0534/0534-1 (Estate of Wayne Richard Leach) (pending/active)
- GinA v. AVANGRID/Iberdrola USA, Inc. d/b/a Central Maine Power Co. (pending/active)

9. Defendants' actions wrongfully created more court business for the Capital Judicial Center by setting certain wrongful events into motion which direct resulted in Leigh Saufley, Joseph Jabar, Robert Mullen, Michaela Murphy and Valerie Stanfill wrongfully violating GinA's equal rights under color of state laws during the wrongful adjudication of the above itemized cases for the purpose of concealing their conspiracy with Defendant Greg Roy regarding 32 Court Street as alleged in *GinA v. Leigh Saufley*.

## COUNT I
## 42 USC § 1981

10. GinA re-alleges and incorporates by reference the allegations set forth above.

11. Defendants wrongfully violated GinA's equal rights under color of state law to speak, to be heard, to make fair terms in her rental contracts, to have equal right to have access to public information that directly impacts her life, liberty and pursuit of happiness, to have equal rights to have peaceful enjoyment of her residence free from governmental interferences with her right to exchange information, to be free from threat of being forced to be a party to and give evidence at fraudulent eviction trials presided over by courts and public servants who would be acting in complete absence of all jurisdiction, and to enjoy full and equal benefit of laws and proceedings for the security of GinA's person and property, *inter alia*.

12. Defendants wrongfully violated GinA's equal rights under to color of state laws to have equal rights to speak and to be heard during public proceedings that directly affected security of GinA's life, person and property by ignoring GinA's demand to exercise her right to speak, to be heard and to give factual evidence of alternatives for court parking during pubic proceedings about the sale and destruction of 32 Court Street.

13. Defendants wrongfully violated GinA's equal rights under color of state laws to make and enforce rental contracts by wrongfully suppressing critical public information about Defendants' plan to allow the Maine Judicial Branch to buy and destroy 32 Court Street to build a parking lot for the new courthouse at GinA's and Maine taxpayers' expense.

## COUNT II
## 42 USC § 1983

14. GinA re-alleges and incorporates by reference the allegations set forth above.

15. Defendants subjected or caused GinA to be subjected to a deprivation of her rights, privileges and immunities secured to her by the federal constitution and laws under color of state law during public proceedings and exchanges of public information regarding imminent sale and destruction of 32 Court Street, Augusta.

16. Defendants subjected or caused GinA to be subjected to a deprivation of her rights, privileges and immunities secured by the federal constitution and laws under color of state law by allowing Unit 1, 32 Court Street to be opened and occupied in January 2014 without warning GinA of the imminent dangers which directly caused GinA to enter into a fraudulent rental contract with Defendant Greg Roy for eight months of a torturous occupancy directly resulting in GinA being forced to be a party to a fraudulent eviction lawsuit (See _AUGDC-SA-14-453_) and ensuing fraudulent appellate proceedings (See _AP-14-56_, _KEN-14-410_) in August and September 2014 which were all wrongfully presided over by state courts and state judicial servants who knew they were acting with a complete absence of all jurisdiction because of their significant conflict of interest with Defendant Greg Roy in their future purchase and possession of his property at 32 Court Street.

17. Defendants' wrongful deprivation of GinA's equal rights, privileges and immunities secured to her by the Constitution under color of state laws by censoring public information about the imminent demise of 32 Court Street was the direct and proximate cause for the all of GinA's injuries caused during her occupancy and business transaction for 32 Court Street, all injuries GinA sustained while she was homeless between September 26 and November 11, 2014, and all injuries GinA has sustained as an occupant at 2528 West River Road, Sidney as a direct result of being fraudulently evicted by use of excessive and improper police power by Defendants' judicial agents on August 19 and September 26, 2014 in _AUGDC-SA-14-453_.

## DEMAND FOR RELIEF

18. As a result of the herein described constitutional and federal violations, GinA demands the following relief:

A. Proper compensatory damages for all economic and non-economic injuries.

B. Actual costs to move into and out of 32 Court Street.

C. Actual costs to establish and maintain a safe permanent residence for 5 years.

D. All monetary, declaratory, injunctive and equitable relief this Court finds appropriate.

E. Actual costs to bring suit.

Due to the public significance of the events cited in this complaint and GinA's need to proceed without legal representation, GinA requests any necessary leave to correct any technical or procedural errors or omissions which may cause this court to dismiss any part of the complaint, in part or whole, *sua sponte*.

Sworn and subscribed to under pains and penalties of perjury on this 16th day of February, 2016.

_____

GinA (fka Gina Turcotte)
2528 West River Road
Sidney, Maine 04330
(207) 209-1767
gina.ecf@gmail.com

## VERIFICATION

I, GinA (fka Gina Turcotte), verify that I have read this Verified Complaint and swear the facts stated herein are true based on my own knowledge, experiences, information, and belief.

Executed under pains and penalties of perjury on this day in the town of Sidney, county of KENNEBEC, state of Maine.

DATE: February 16, 2016     _____

GinA (fka Gina Turcotte)