UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GinA, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|     v. | )    1:16-cv-00100-NT |
| | ) |
| CITY OF AUGUSTA, et al., | ) |
| | ) |
|     Defendants | ) |

### RECOMMENDED DECISION AFTER SCREENING COMPLAINT
### PURSUANT TO 28 U.S.C. § 1915

In this action, Plaintiff GinA alleges that Defendants City of Augusta, William Stokes, William Bridgeo, Matt Nazar, and Gregory Roy violated her civil rights in connection with her rental of an apartment because when Plaintiff signed her lease, Defendants knew the building would be demolished in eight months as part of a construction project that was already underway on an adjacent parcel. (Complaint, ECF No. 1, at 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 5), which application the Court granted. (ECF No. 7.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of the pleadings, I recommend that the Court dismiss the action without service on Defendants.

### BACKGROUND FACTS[1]

In January 2014, Plaintiff entered into an "at will" lease agreement for an apartment in a building in Augusta that was next to property on which the Capital Judicial Center was under

---

[1] The facts set forth herein are derived from Plaintiff's complaint.

construction. (*Id.* at 5 – 6.) Plaintiff alleges that her landlord, Defendant Roy, knew the construction project was making living conditions in the premises "unhappy." (*Id.* at 5.) Defendant Nazar, in his capacity as Augusta's director of development, or a code enforcement officer under his supervision, informed Plaintiff that the rental property passed the City's building code. (*Id.* at 6.) Although Plaintiff informed Defendant Roy that she wanted a long-term lease, neither Defendant Roy nor Defendant Nazar informed her that the rental property would be demolished within the year to create a parking lot as part of the construction project. (*Id.*)

Defendant Bridgeo served as Augusta's manager in 2014, and Defendant Stokes served as Augusta's mayor. (*Id.* at 4.) According to Plaintiff, as mayor, Defendant Stokes was a "key player during purchase negotiations" regarding the court construction project, including the acquisition of Defendant Roy's property. (*Id.*)[2]

Plaintiff asserts that she would not have entered into the lease agreement had she known the property would be demolished. (*Id.* at 6.) Plaintiff contends she entered into the lease because Defendants failed to disclose "public information" to her and because Defendants "hinder[ed] exchange of public information" and "wrongfully censor[ed] public data." (*Id.* at 7, ¶¶ 1 – 2.) Additionally, Plaintiff alleges that she was not informed that the construction project was "insanely noisy," or that tenants of the rental property were unhappy. (*Id.*) She also maintains that because she contested Defendant Roy's notice of eviction, Plaintiff also experienced burdens and difficulties associated with forcible entry and detainer proceedings. (*Id.* at 7 – 8, ¶¶ 5, 7 – 9.)

Plaintiff alleges that the Defendants, acting under color of state law, violated her civil right to enjoy equal protection under the law and her right to receive "official public communications"

---

[2] Defendant Stokes was also a deputy attorney general for the State of Maine, and chief of the Attorney General's criminal division. (Complaint at 4.) In September 2013, Plaintiff was the target of a criminal investigation conducted by the Attorney General's consumer protection division, which investigation Defendant Stokes allegedly oversaw. (*Id.*) Defendant Stokes is now a member of the Maine judiciary. (*Id.*)

regarding the living conditions at, and the State's planned acquisition and demolition of, her rental property. (*Id.* ¶¶ 1 – 5.) Plaintiff asserts her claims pursuant to 42 U.S.C. §§ 1981 and 1983. (*Id.* at 9 – 10, ¶¶ 10 – 17.)

## DISCUSSION

**A.     Standard of Review**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a

plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**B.     Analysis**

   *1.     42 U.S.C. § 1981*

Plaintiff seeks relief under 42 U.S.C. § 1981, which prohibits race-based discrimination.[3] "To state a claim under § 1981, a plaintiff must show that (1) she is a member of a racial minority; (2) the defendant discriminated against her on the basis of her race; and (3) the discrimination implicated one or more of the activities listed in the statute, including the right to make and enforce contracts." *Hammond v. Kmart Corp.*, 733 F.3d 360, 362 (1st Cir. 2013). Plaintiff has not alleged that she is a member of a racial minority, nor has she alleged any facts that would support a theory that Defendants' alleged conduct or the harm about which she complains was the product of racial discrimination. Plaintiff, therefore, has failed to state an actionable section 1981 claim. *Lebron v. Puerto Rico*, 770 F.3d 25, 30 n.7 (1st Cir. 2014).

   *2.     42 U.S.C. § 1983*

To be liable under the federal civil rights statute, 42 U.S.C. § 1983, a defendant must have acted under color of state law to deprive the plaintiff of a federal right. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005).

---

[3] 42 U.S.C. § 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

4

### a. Claim against Defendant Roy

"When the named defendant in a section 1983 case is a private party, the plaintiff must show that the defendant's conduct can be classified as state action." *Jarvis v. Vill. Gun Shop, Inc.*, 805 F.3d 1, 8 (1st Cir. 2015). Plaintiff has alleged no facts from which a fact finder could plausibly find that Defendant Roy's conduct constitutes state action. Accordingly, Plaintiff cannot proceed on her section 1983 claim against Defendant Roy.

### b. Claim against the City Defendants

The remaining Defendants (City of Augusta, Defendant Bridgeo, Defendant Stokes, and Defendant Nazar) can be considered state actors based on the alleged facts. To avoid dismissal, Plaintiff must "allege facts sufficient to establish … the deprivation of a federal right." *Estades-Negroni*, 412 F.3d at 4. Although Plaintiff asserts in conclusory fashion that she was denied "equal rights," Plaintiff has not alleged a plausible equal protection claim. In particular, Plaintiff has not alleged any facts which suggest that Defendants deprived Plaintiff of a right afforded others, or that Defendants acted in an arbitrary and capricious manner in their treatment of Plaintiff. *Donovan v. City of Haverhill*, 311 F.3d 74, 77 (1st Cir. 2002) (plaintiffs must allege they have "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Plaintiff's § 1983 claim fails even if it is construed as a due process claim. The Due Process Clause "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 196 (1989). Simply stated, Defendants had no duty under federal law to counsel or advise Plaintiff

regarding her January 2014 lease agreement with Defendant Roy. Defendants, therefore, cannot be legally responsible for any harm that might result from Plaintiff's execution of the lease agreement. *Id.* at 196 – 97 ("If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them.").

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint, and that the Court deny Plaintiff's pending motion to transfer. (ECF No. 9.)[4]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of March, 2016.

---

[4] Plaintiff filed a motion to transfer by which she apparently seeks to transfer a similar case from the state court to this Court. Because I can discern no basis for this Court's jurisdiction over the state court matter, consistent with the analysis set forth herein, I recommend the Court deny the motion to transfer.